1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00409-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT MICHAEL LAIR,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for detention hearing on May 24, 2022. Assistant United States Attorney Brian Dunn represented the government, and Natalie Stricklin represented the Defendant. The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community if Defendant were released, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 24th day of May, 2022.

                                       By the Court:

                                       S/Michael E. Hegarty
                                       Michael E. Hegarty
                                       United States Magistrate Judge

United States v. Robert Michael Lair
Case No. 21-cr-00409-RM

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and
## REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably ensure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file, the comments of counsel at the hearing, and the evidence received at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Petition for Warrant on Defendant on Pretrial Release which has issued in this case charges Defendant with failing to maintain his residence at the Independence House Pecos Residential Reentry Center.

Second, I note that in light of the hearing in this case, probable cause exists to sustain the charge brought against Defendant. Defendant's pretrial release is revoked.

Third, Federal Rule of Criminal Procedure 32.1(a)(6) gives a Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a). The statute establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community.  Fed. R. Crim. P. 32.1(a)(6).

Fourth, based on the evidence in this case, Defendant is resistant to effective pretrial supervision. His continued lack of cooperation establishes the necessity of detention. This is not the unique situation in which failure to reside in the court-ordered halfway house placement can result in lesser restrictive conditions of release to his home.

As a result, after considering all of these factors, including the presumption of detention, the Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community if Defendant were released. Defendant is remanded to the custody of the U.S. Marshal.