IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00409-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT MICHAEL LAIR,

        Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE 30 DAYS
FROM THE SPEEDY TRIAL ACT**
_____

Mr. Robert Lair, by and through undersigned counsel, Natalie Stricklin, moves this Court for an Order excluding 30 days from the Speedy Trial Act computations and re-setting dates and filing deadlines. In support thereof, Mr. Lair states:

### **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On December 8, 2021, an indictment was filed against Mr. Lair alleging one count of possession of a firearm and ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).  The charges result from a traffic stop.  At the time of the stop, law enforcement located a loaded firearm in the vehicle.

On May 4, 2022, Mr. Lair was arrested on the indictment.  On May 10, 2022, Mr. Lair was arraigned on the indictment and entered a plea of not guilty to the charged count.  Mr. Lair was released on pretrial release conditions three days later, on May 13, 2022.  His pretrial release was revoked on May 24, 2022.  A five-day jury trial was set for July 11, 2022.  A deadline to file pre-trial motions was set for May 31, 2022.  This motion requests the exclusion of 30 days under the Speedy Trial Act.

Undersigned counsel received a batch of discovery on May 19, 2022. That discovery included approximately 193 pages of documents. The disclosed material is comprised of law enforcement reports, photographs, criminal history documents, some laboratory reports, and Colorado court documents. Four body worn camera videos were disclosed on May 20, 2022. Counsel has reviewed all of the material disclosed.

## LAW REGARDING REQUESTS FOR CONTINUANCES

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must explain why the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

## **ARGUMENT**

Defense counsel's request for a continuance satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*.

Defense counsel has reviewed all discovery disclosed. Although counsel has had the discovery for approximately one week, she spent most of her time related to Mr. Lair investigating and litigating the alleged pretrial release violation. Following her review, counsel has determined the need to research a potential suppression motion related to the search of the vehicle, specifically addressing, under the specific circumstances alleged here, at what point in time the officers peering into the vehicle becomes a search.

Additionally, from a review of Mr. Lair's criminal history, counsel has requested court records from three prior cases. Receipt of these records and subsequent legal research related to a South Dakota drug conviction is necessary to determine whether Mr. Lair is eligible for enhanced sentencing under 18 U.S.C. § 924(e). Further, Mr. Lair has several pending state court matters where counsel must consult with Mr. Lair's various attorneys regarding the impact of those cases on the federal case and the impact of the federal case on those matters. Counsel cannot properly advise Mr. Lair

without having conducted this necessary research and consulted with the state court attorneys.

Defense counsel has conferred with Assistant United States Attorney Conor Flanigan who does not oppose this motion.

Examining the factors articulated in *United States v. West*, defense counsel notes this motion is being filed sufficiently prior to trial and within the deadline set by this Court. The need for the continuance – effective representation – outweighs any harm to government witnesses who are likely all members of law enforcement. Further, the government does not oppose this request. Therefore, the *West* factors have been satisfied.

If a continuance is not granted, a miscarriage of justice would result, and defense counsel will be denied the reasonable time necessary for effective representation and preparation. Granting the continuance will give counsel the additional time needed. At this time, the defense believes that 30 days, a short continuance, will be sufficient time to complete these tasks. Counsel explained the contents of this motion to Mr. Lair, who agrees with the requested continuance and exclusion of time.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender

    s/Natalie Stricklin
    NATALIE STRICKLIN
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    natalie.stricklin@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the foregoing ***Defendant's Unopposed Motion to Exclude 30 Days from the Speedy Trial Act*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Conor A. Flanigan, Assistant United States Attorney
E-mail:  conor.flanigan@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Robert Lair (via mail)

s/Natalie Stricklin
NATALIE STRICKLIN
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
natalie.stricklin@fd.org
Attorney for Defendant